# Exhibit A



### KENTUCKY
COURT OF JUSTICE

**19-CI-00087**

### *HOLT, NICKALUS T. VS. SPECIALIZED LOAN SERVICING, LLC , ET A*

**WOODFORD CIRCUIT COURT**

Filed on **03/29/2019** as **CONTRACT** with **HON. BRIAN PRIVETT**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Parties | 19-CI-00087 |
|---|---|

**AMERICAN SECURITY INSURANCE COMPANY** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Summons**

**CIVIL SUMMONS** issued on **03/29/2019** served on **04/06/2019** by way of **CERTIFIED MAIL**

---

**HOLT, NICKALUS T.** as **PLAINTIFF / PETITIONER**

**Address**

393 WINTON ROAD

VERSAILLES KY 40383

---

**SPECIALIZED LOAN SERVICING, LLC** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Summons**

**CIVIL SUMMONS** issued on **03/29/2019** served on **04/05/2019** by way of **CERTIFIED MAIL**

---

**STANDARD GUARANTY INSURANCE CO.** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Summons**

**CIVIL SUMMONS** issued on **03/29/2019** served on **04/06/2019** by way of **CERTIFIED MAIL**

---

**ELLISON, MATTHEW** as **ATTORNEY FOR PLAINTIFF**

**Address**

FOWLER BELL PLLC

300 WEST VINE STREET, SUITE 600

LEXINGTON KY 40507

---

**VANVACTOR, ZACHARY M.** as **ATTORNEY FOR DEFENDANT**

**Address**

STITES & HARBISON PLLC

400 WEST MARKET STREET, SUITE 1800

LOUISVILLE KY 40202

---

**CORPORATION SERVICE COMPANY** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is STANDARD GUARANTYINSURANCE CO.

**Address**

421 W. MAIN STREET

FRANKFORT KY 40601

---

**CORPORATION SERVICE COMPANY** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is AMERICAN SECURITYINSURANCE COMPANY

**Address**

421 W. MAIN STREET

FRANKFORT KY 40601

FRANKFORT KY 40601

**UNITED AGENT GROUP, INC.** as **REGISTERED AGENT OF SERVICE**

| Memo |
| --- |
| Related party is SPECIALIZED LOAN SERVICING, LLC |

| Address |
| --- |
| 101 NORTH SEVENTH STREET |
| LOUISVILLE KY 40202 |

| Documents | 19-CI-00087 |
| --- | --- |

**COMPLAINT / PETITION** filed on **03/29/2019**

**RECEIPT** filed on **04/02/2019**
*CORPORATION SERVICE COMPANYUNITE D AGENT GROUP, INC.CORPORATION S ERVICE COMPANY*

**ENTRY OF APPEARANCE** filed on **06/13/2019**

| Images | 19-CI-00087 |
| --- | --- |

**COMPLAINT / PETITION** filed on **03/29/2019**   *Page(s): 16*

**SUMMONS** filed on **03/29/2019**   *Page(s): 1*

**SUMMONS** filed on **03/29/2019**   *Page(s): 1*

**SUMMONS** filed on **03/29/2019**   *Page(s): 1*

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **03/29/2019**   *Page(s): 1*

**ENTRY OF APPEARANCE** filed on **06/13/2019**   *Page(s): 2*

**** End of Case Number : 19-CI-00087 ****

Filed          19-CI-00087      03/29/2019          Christie Edwards, Woodford Circuit Clerk   NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

**COMMONWEALTH OF KENTUCKY**
**WOODFORD CIRCUIT COURT**
**DIVISION _____**

Civil Action No. _____

**NICKALUS T. HOLT**                                                                    **PLAINTIFF**

**v.**

**SPECIALIZED LOAN SERVICING, LLC**                                  **DEFENDANT**
Serve:
United Agent Group, Inc.
101 North Seventh Street
Louisville, KY 40202

**STANDARD GUARANTY INSURANCE**
**CO.**
Serve: Corporation Service Company
421 W. Main Street
Frankfort, KY 40601

**AMERICAN SECURITY INSURANCE**
**COMPANY**
Serve: Corporation Service Company
421 W. Main Street
Frankfort, KY 40601

**COMPLAINT**

---

Comes now the Plaintiff, Nickalus T. Holt (hereinafter "Mr. Holt"), by counsel, and for his

Complaint against the Defendants, Specialized Loan Servicing, LLC (hereinafter "SLS"),

American Security Insurance Company (hereinafter "ASIC"), and Standard Guaranty Insurance

Company (hereinafter "SGIC") states as follows:

1.      The Plaintiff, Nickalus T. Holt, was at all times material and relevant hereto a

citizen of the Commonwealth of Kentucky with residence in Versailles, Woodford County,

Kentucky.

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000001 of 000016

Filed          19-CI-00087       03/29/2019        Christie Edwards, Woodford Circuit Clerk       NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

2.      The Defendant, SLS, was at all times material and relevant hereto, a foreign limited liability company authorized to transact business in the Commonwealth of Kentucky.  SLS' principal place of business is believed to be in Colorado.

3.      Defendant ASIC is a Delaware corporation and an indirect subsidiary of Assurant Inc., writing force-placed insurance policies in all fifty states and the District of Columbia with its principal address in Atlanta, Georgia.  It is authorized to write policies in Kentucky by the Kentucky Department of Insurance.  ASIC often operates under the trade name "Assurant Specialty Property".  ASIC contracts with mortgage servicers such as SLS to act as a force-placed insurance vendor and take over certain mortgage servicing functions.  Its duties include, but are not limited to tracking loans in their mortgage portfolio, new loan boarding, loss draft functions, escrow analysis, handling customer service duties, and securing force-placed insurance policies on properties when a borrower's insurance has lapsed.

4.      Defendant SGIC is a Delaware corporation with its principal place of business in Georgia.  SGIC is a subsidiary of Assurant, Inc., and does business throughout the United States. It has a principal address in Atlanta, Georgia.  It is authorized to write policies in Kentucky by the Kentucky Department of Insurance.  SGIC also provides servicing functions to mortgage lenders and servicers including tracking borrower compliance with insurance obligations and placing lender-placed insurance pursuant to a Master Services Agreement between SGIC and the lenders and servicers.  SGIC, together with ASIC, are hereby referred to as the "Assurant Defendants."

5.      Venue is appropriate in the Woodford Circuit Court, as a substantial part of the events giving rise to this occurred specifically within Woodford County, Kentucky.

6.      Jurisdiction exists in this Court as the amount in controversy exceeds $5,000.00, and the controversy arises out of intentional actions taken by the Defendants toward the Plaintiff

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000002 of 000016

2

Filed                19-CI-00087      03/29/2019        Christie Edwards, Woodford Circuit Clerk        NOT ORIGINAL DOCUMENT
                                                                                                        06/17/2019 09:06:58 AM
                                                                                                        92414-3

who was at all relevant times a resident of Woodford County, Kentucky. Defendants have therefore purposefully availed themselves of this Commonwealth.

7. On or about March 17, 2005, Mr. Holt executed a promissory note (hereinafter "Note") and mortgage agreement (hereinafter "Mortgage") for the purchase of real property located at 393 Winton Road, Versailles, Kentucky, as his primary residence (hereinafter the "Residence").

8. As part of the terms contained in the Note and/or Mortgage, Mr. Holt was required to pay, in addition to the required monthly payments of principal and interest toward the Note, specific sums into an escrow account for periodic disbursement toward the payment of both a) homeowners' insurance premiums, and b) local real estate taxes.

9. The Mortgage requires that Mr. Holt maintain adequate casualty and loss insurance on the Residence during the duration of the Mortgage. In the event that Mr. Holt fails to maintain this required insurance coverage, the Mortgage gives the lender the right to acquire its own "lender-placed" insurance policy. Regardless of the type of insurance policy in force on the Residence, the Mortgage requires that in the event of a casualty loss to the dwelling:

> "Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been performed to the Lender's satisfaction, provided that such inspection shall be undertaken promptly.

10. Sometime after this date – the specific date is not known to Mr. Holt – SLS either a) was purportedly assigned, or b) purportedly came into possession of the Note and Mortgage.

11. On or about March 23, 2014, and for a policy term of one year subject to the payment of all required premiums, the Residence was insured under a policy of homeowner's

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000003 of 000016

Filed                19-CI-00087      03/29/2019        Christie Edwards, Woodford Circuit Clerk

Filed          19-CI-00087          03/29/2019          Christie Edwards, Woodford Circuit Clerk          NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

insurance by Metropolitan Property & Casualty Insurance Company (hereinafter "Met Life"),

Policy No. 1435630890 (hereinafter the "Policy").

12.      As of November 1, 2014, the premiums due and owing to Met Life for the Policy were fully paid.  Furthermore, the lender-required escrow agreement was fully funded for continued disbursements of additional premiums due and owing to Met Life for renewal of the Policy following its expiration on or about March 23, 2015.

13.      On or about November 17, 2014, SLS falsely and fraudulently reported to Met Life that Mr. Holt had abandoned the Residence, and was no longer using said Residence as his primary dwelling place.

14.      As a result of this representation, Met Life unilaterally decided to not renew Mr. Holt's Policy upon the expiration of same on March 23, 2015.  Mr. Holt reached out to Met Life to inform it that the representation by SLS was false and that in fact he was still living in the Residence, but Met Life declined to reverse its previous decision.

15.      Subsequently, with the suspicion that any lender-placed insurance policy would a) be charged at a rate greater/more than a conventional homeowners' insurance policy, b) fail to provide replacement coverage for the contents of his Residence, and c) fail to provide liability coverage for any physical injury sustained by individuals in the Residence or about the property in which the Residence is situated, Mr. Holt made multiple efforts to obtain replacement insurance coverage through at least two other insurance carriers.  However, his efforts were unsuccessful, and he was advised by at least one agent that the pending cancelation by Met Life would more than likely cause every application he submitted for a conventional homeowners' insurance policy to be denied.

16.      SLS, purporting to act within the terms and conditions of the Note and Mortgage,

Presiding Judge: HON. BRIAN PRIVETT (614383)

4

COM : 000004 of 000016

Filed 19-CI-00087 03/29/2019 Christie Edwards, Woodford Circuit Clerk NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

did not pay and failed to renew the existing and proper homeowners' insurance policy acquired by Mr. Holt through Met Life. Instead, and at a claimed substantial additional cost, it procured a "lender-placed" policy of homeowners' insurance through SGIC (hereinafter the "Standard Policy"). The Standard Policy identifies "Specialized Loan Servicing, LLC" as the "Lender"; and Mr. Holt is identified as the "Borrower". Mr. Holt was subsequently charged for the Standard Policy by SLS.

17.     At all relevant times, SLS had an arrangement with SGIC where SGIC was the exclusive, or alternatively, frequent provider of force-placed insurance coverage for homeowners with mortgage loans owned or serviced by SLS.

18.     SLS' choice of SGIC to provide the force-placed Standard Policy was not mere happenstance. In exchange for providing the Assurant Defendants with the exclusive right to monitor SLS' mortgage loan portfolios and force place its own insurance coverage, the Assurant Defendants paid SLS gratuitous kickbacks, mischaracterized to borrowers as legitimate compensation. These kickbacks effectively constitute a rebate to SLS on the purported cost of the force-placed insurance.

19.     SLS made no effort to contact Met Life to try and get the Met Life Policy reinstated at a lower premium, even after Mr. Holt had pointed out all the reasons why the representation of him having abandoned the Residence was false. Nor did SLS make any effort to obtain and receive quotes from any other insurer in which it had an arms-length business relationship, to try and obtain the cheapest force-placed insurance policy on Mr. Holt's Residence, irrespective of any kickbacks/rebates.

20.     Under the terms of the subject Mortgage executed by Mr. Holt, in the event of lender-placed insurance coverage, he is only supposed to be charged for the actual cost. Instead,

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000005 of 000016

Filed 19-CI-00087 03/29/2019 Christie Edwards, Woodford Circuit Clerk

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk          NOT ORIGINAL DOCUMENT
                                                                                                   06/17/2019 09:06:58 AM
                                                                                                   92414-3

SLS charged Mr. Holt for the amount of the coverage plus the kickbacks/rebates, failing to pass along said kickbacks/rebates to him. SLS treated these kickbacks/rebates as other compensation, rather than passing along same as an overall reduction in the cost of the force-placed insurance to Mr. Holt. This was evident by the amounts that SLS sought to charge Mr. Holt, being nearly five times higher than his previous homeowners' insurance premium with Met Life.

21.     When the policy with Met Life was in the process of cancelation, Mr. Holt received a written notice purporting to be from SLS stating that it would obtain a force-placed insurance policy on the Residence, and that pursuant to the terms of the Mortgage, he would be charged for the cost of same. The letter, dated March 25, 2015, stated inter alia a) that the force-placed insurance "*may be more expensive than the insurance you can buy yourself.*"; b) "*your monthly mortgage payments will be increased to include the cost of this policy.*"; and c) "*WE HOPE YOU'LL AGREE THAT OBTAINING YOUR OWN INSURANCE IS IN YOUR BEST INTEREST.*" Of course, due to SLS' false and fraudulent representation to Met Life that he had abandoned his Residence, Mr. Holt was unable to purchase his own insurance policy, as he was no longer deemed an acceptable underwriting risk due to Met Life's cancelation.

22.     This letter also contained the following representation:

- The cost of the insurance we obtain is likely to be much higher than the cost of coverage you could obtain on your own. This is because the insurance we purchase is issued automatically without evaluating the risk of insuring your property.

23.     Mr. Holt later received similar communications regarding the Standard Policy, including specific statements about the cost of the Policy that SLS "*planned to buy*" insurance on the Residence when in fact, it already had coverage from SGIC.

24.     In fact, the Residence of Mr. Holt was already covered by a master insurance policy issued by one of the Assurant Defendants to cover an entire grouping of loans within the SLS

6

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000006 of 000016

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk

portfolio, with said coverage immediately effective upon the lapse of the Met Life Policy.

25.     In fact, the aforementioned communication was actually generated by the Assurant Defendants, not by SLS.

26.     In fact, the Standard Policy was **not** separately underwritten by SGIC, but was created and issued to SLS merely to create the appearance that SLS was undertaking a distinct process to obtain force-placed insurance on the Residence of Mr. Holt, when that was not the case.

27.     In fact, the amounts charged to Mr. Holt for the Standard Policy included amounts for other services provided to SLS by the Assurant Defendants that have little or nothing to do with the actual cost of the insurance coverage provided by the Standard Policy.

28.     SLS later charged Mr. Holt an artificially inflated amount for the Standard Policy, one which was not actually reflective of the true cost of same, by failing to account for the kickbacks/rebates SLS received as described *supra*.  SLS was financially motived to select SGIC as the "insurer" for the force-placed insurance on the Residence of Mr. Holt because it was the most financially advantageous selection; SLS then, in turn, failed to pass along the true and actual cost of the Standard Policy to Mr. Holt, per the terms of the Mortgage.

29.     It was never disclosed to Mr. Holt that the amounts charged to him by SLS covered below-cost mortgage-servicing functions that the Assurant Defendants perform for SLS, and that Mr. Holt would be partially subsidizing these functions which are not related to the placement of insurance on his Residence, that are already paid for by the owners of the loans, and therefore are not properly chargeable to Mr. Holt as any portion of the force-placed insurance premiums.

30.     The aforementioned acts and practices were false, misleading and deceptive.

31.     Under the Standard Policy, the following term appears:

7

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000007 of 000016

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk     NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

12. **Loss Payment.** We will adjust all losses with the named insured. Loss will be made payable to the **named insured** and the **borrower** as their interests appear, either by a single instrument or by separate instruments payable respectively to the **named insured** and the **borrower**, at our option.

No coverage will be available to any mortgagee other than that shown as the **named insured** on the Declarations. Loss will be payable 30 days after **we** receive proof of loss and:

**a.** Reach an agreement with the **named insured**;

**b.** There is an entry of a final judgment; or

**c.** There is a filing of an appraisal award with **us**.

32.     On or about July 20, 2018, a storm caused damage to the Residence.  Mr. Holt promptly reported the loss (hereinafter the "Claim"), and a representative of Assurant, Inc., inspected the property and subsequently determined the amount required under the terms of the Standard Policy, less applicable deductibles, to repair the damage on an actual cash value basis along with the additional sums to be disbursed upon completion of the necessary repair work toward the Standard Policy's replacement cost coverage.

33.     On or about August 2, 2018, Standard Guaranty issued a check payable for $12,583.75, and pursuant to the above-cited Standard Policy term, made the check (a single instrument) payable jointly to SLS and Mr. Holt (hereinafter the "Claim Payment").  The check was mailed to SLS (hereinafter the "Claim Check").  SLS did not advise Mr. Holt that it had received the Claim Check.

34.     After several communications by Mr. Holt to SLS received no prompt response,

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000008 of 000016

8

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                                06/17/2019 09:06:58 AM
                                                                                       92414-3

SLS finally contacted Mr. Holt and proposed a delayed distribution scheme not logistically viable, principally because Mr. Holt had elected to have three different companies perform the necessary repair work, instead of a single general contractor.  Mr. Holt informed SLS of this fact, but instead of simply endorsing the Claim Check over to Mr. Holt so that he could pay the three repair companies directly, SLS further made additional requests from Mr. Holt, beyond the requirements of the Mortgage.  SLS indicated that it would not disburse any funds to Mr. Holt towards the repairs of the Residence unless he authorized the endorsement of the check in his name to facilitate its deposit.  Mr. Holt declined this request, and again proposed a distribution of the Claim Payment that was in compliance with the Mortgage **and** would logistically enable all selected companies retained to perform the repairs to be timely paid; SLS declined to respond to his proposal.

35.     Months later, after the Claim Check voided due to it not being deposited within 90 days, Standard Guaranty issued the Claim Payment on a second check (hereinafter the "Reissued Claim Check").  Upon information and belief, the Reissued Claim Check was issued by Standard Guaranty on or about December 17, 2018, in the same jointly payable manner as the prior Claim Check.

36.     On December 24, 2018, when Mr. Holt contacted a representative of SLS to inquire as to the status of the claim who identified herself as "Haley," he was informed by "Haley" of both a) the issuance of the Reissued Claim Check and SLS' receipt of same on December 21, 2018; and b) the fact that the Reissued Claim Check had been cashed, despite the fact that Mr. Holt had neither endorsed the Reissued Claim Check nor authorized SLS to sign the Reissued Claim Check on his behalf.  "Haley" subsequently stated that SLS had documentation on file that authorized it to sign Mr. Holt's name to the Reissued Claim Check.

37.     Mr. Holt subsequently contacted SLS to request that it comply with its duties under

9

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk     NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

the Mortgage; namely, that SLS a) provide a mechanism for the distribution of the Claim Funds to adequately ensure that the repairs to the Residence would be paid fully and timely from the Claim Payment; b) provide the legal authority upon which it endorsed his name to the Reissued Claim Check; and c) provide the name of the financial institution in which the Reissued Claim Check was duly deposited.

38.     SLS failed to meaningfully respond to Mr. Holt's requests.

39.     In fact, SLS had no authorization of any kind from Mr. Holt to sign his name to any check, let alone any authorization specifically for the Reissued Claim Check.  The representation by "Haley" was knowingly false.

40.     SLS has failed to respond to Mr. Holt's subsequent inquiries, and upon information and belief, has deposited the Reissued Claim Check and has now refused even to apply said insurance proceeds to the repair or restoration of his Residence.

### CLAIMS CONCERNING THE CLAIM PAYMENT[1]

### COUNT I -- CONVERSION

41.     Mr. Holt is the proper owner, and along with SLS, jointly has legal title to, the Claim Payment.

42.     Under the terms of the Mortgage, SLS is required to utilize the Claim Payment for the repair or restoration of the Residence in which Mr. Holt presently resides.

43.     Mr. Holt has a right to possess the Claim Payment for the purpose of repairing or restoring his Residence.

44.     SLS has exercised dominion and/or control of the Claim Payment for the intentional

---

[1] These claims are only raised against SLS at this time.  Should discovery yield information suggesting that the Assurant Defendants had any participation in the Claim Payment, Mr. Holt reserves the right to amend the Complaint to plead such causes accordingly.

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000010 of 000016

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk     NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

Case: 5:19-cv-00250-JMH   Doc #: 1-1   Filed: 06/17/19   Page: 14 of 25 - Page ID#: 20

purpose of interfering with the right of Mr. Holt to possess and/or benefit from the Claim Payment.

45.    Mr. Holt has made demand upon SLS for the Claim Payment, but SLS has refused.

46.    Mr. Holt has suffered loss as a result of SLS' conversion of the Claim Payment; said loss including, but not limited to the Claim Payment.

47.    Mr. Holt is entitled to recover all compensatory damages that are the natural and probable consequence of SLS' conversion of the Claim Payment.

## COUNT II -- FRAUD

48.    SLS, through its representatives, falsely represented to Mr. Holt that the Standard Policy and the Mortgage required him to take additional actions in order to facilitate the application of the Claim Payment toward the repair of the Residence, when in fact these additional actions were not required under the Mortgage, the Standard Policy, applicable law, or any separate agreement.

49.    SLS, through its representatives, falsely represented to Mr. Holt that it had obtained lawful authority to endorse his name onto the Reissued Claim Check.

50.    SLS knew that both representations were false, and did so with the intention that Mr. Holt rely upon said representations to his detriment.

51.    Mr. Holt has suffered damages based upon the fraud committed by SLS.

52.    Mr. Holt is entitled to recover all compensatory damages that are the natural and probable consequence of the fraudulent conduct of SLS as it pertains to the false and fraudulent representations described in Paragraphs 32 and 33.

## COUNT III – VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

53.    Mr. Holt applied for, received, and made payments upon the Loan, primarily for personal, family, and household purposes.

11

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000011 of 000016

Filed          19-CI-00087    03/29/2019          Christie Edwards, Woodford Circuit Clerk    NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

54.     As part of the Loan, Mr. Holt agreed to the terms of the Mortgage primarily for personal, family, and household purposes.

55.     With respect to the Mortgage – and specifically, the provision therein that requires the application of all casualty insurance proceeds toward the restoration and repair of the property – SLS' actions concerning the Claim Payment were, and continue to be, false, unfair, misleading and/or deceptive.

56.     Mr. Holt has suffered ascertainable loss due to the false, unfair, misleading and/or deceptive actions of SLS with respect to the Claim Payment.

57.     Pursuant to KRS 367.220, Mr. Holt is entitled to, and seeks, an award of actual damages and equitable relief against SLS for its false, unfair, misleading and/or deceptive actions with respect to the Claim Payment.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     SLS has acted with flagrant, intentional and/or reckless disregard towards Mr. Holt with respect to the Claim Payment.

59.     SLS' conduct with respect to the Claim Payment is extreme, outrageous, and offends common and generally accepted standards of decency.

60.     SLS' conduct with respect to the Claim Payment has caused Mr. Holt severe emotional distress.

61.     Mr. Holt is entitled to recover, and therefore seeks, an award of monetary damages against SLS due to its intentional infliction of emotional distress upon Mr. Holt.

## COUNT V – PUNITIVE DAMAGES

62.     The conduct of SLS toward Mr. Holt with respect to the Claim Payment was, in all respects, fraudulent, oppressive and/or malicious, as such terms are defined under KRS 411.184.

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000012 of 000016

12

NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

63.      To the extent that the actions toward Mr. Holt by any individual employed by SLS were fraudulent, oppressive and/or malicious, Mr. Holt is entitled to impute said conduct upon SLS due to SLS' knowledge, ratification and/or anticipation of such conduct.

64.      Mr. Holt is entitled to recover punitive damages against SLS, in accordance with KRS 411.184 *et seq.*, subject to all applicable common-law, statutory, and constitutional authority.

### CLAIMS CONCERNING THE FORCE-PLACED INSURANCE SCHEME

### COUNT VI – UNJUST ENRICHMENT AGAINST SLS and ASSURANT DEFENDANTS

65.      By their conduct as outlined *supra*, SLS and the Assurant Defendants received financial benefits at the expense of Mr. Holt.

66.      SLS and the Assurant Defendants have appreciated the benefit realized by each due to their conduct at the expense of Mr. Holt.

67.      It is inequitable for SLS and the Assurant Defendants to retain the benefit they have received from their conduct without accounting for its value to Mr. Holt.

68.      Mr. Holt is entitled to equitable relief against SLS and the Assurant Defendants to recover the improper and inequitable benefits received by the named parties at his expense.

### COUNT VII – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP AGAINST ASSURANT DEFENDANTS

69.      Mr. Holt had a contractual right with SLS, in the event that the homeowners' insurance on the Residence was not kept in force at all times, to be charged only for the actual cost of any force-placed insurance policy.  That contractual right includes the right to **not** be charged exorbitant amounts for costs, kickbacks/rebates, and other sums not related to the actual provision of insurance coverage itself.

70.      The Assurant Defendants had knowledge of Mr. Holt's Mortgage serviced by SLS. The Assurant Defendants were neither party to the Mortgage **nor** expected and/or intended third-

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000013 of 000016

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk          NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

party beneficiaries to the Mortgage.

71.    The Assurant Defendants, acting in bad faith with the **sole** intention of maximizing its profits, intentionally and unjustifiably interfered with the rights of Mr. Holt under the Mortgage, as described above, whereby said Assurant Defendants provided kickbacks/rebates to SLS in exchange for the exclusive or primary right to force-place insurance on the Residence of Mr. Holt.

72.    Mr. Holt has suffered damages due to this unlawful and unjustifiable interference.

73.    Mr. Holt is entitled to recover monetary damages against the Assurant Defendants suffered as a result of said Assurant Defendants tortious interference with his rights under the Mortgage.

## COUNT VIII – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AGAINST SLS, CONCERNING THE MET LIFE POLICY

74.    Mr. Holt had a contractual right with Met Life to the coverage provided in the Met Life Policy.

75.    SLS had knowledge of the homeowners' insurance policy issued to Mr. Holt by Met Life.  SLS was not a party to the Met Life Policy.

76.    SLS, acting in bad faith with the **sole** intention of maximizing its profits, intentionally and unjustifiably interfered with the rights of Mr. Holt under the Met Life Policy by falsely and fraudulently representing to Met Life that Mr. Holt had abandoned the Residence when in fact he had not.  SLS knew by making this false and fraudulent representation that both a) Met Life was likely if not certain to cancel or refuse to renew the Met Life Policy; and b) Mr. Holt would be unable to procure any replacement homeowners' insurance coverage in the event that Met Life canceled or refused to renew his existing and proper policy.  SLS made this false and fraudulent representation for the sole purpose of procuring additional profits for itself due to the aforementioned kickbacks/rebates it would receive from the Assurant Defendants as a result of a

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000014 of 000016

14

Filed          19-CI-00087     03/29/2019          Christie Edwards, Woodford Circuit Clerk     NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

force-placed insurance policy on Mr. Holt's Residence; none of which would have been necessary had SLS **not** made said false and fraudulent representation to Met Life.

77.     Mr. Holt has suffered damages due to this unlawful and unjustifiable interference.

78.     Mr. Holt is entitled to recover monetary damages against SLS suffered as a result of its tortious interference with his rights under the Met Life Policy.

## COUNT IX – VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT AGAINST SLS AND ASSURANT DEFENDANTS

79.     SLS and the Assurant Defendants have engaged in unfair, false, misleading, and deceptive practices in the conduct of their trade(s) and commerce in the Commonwealth of Kentucky, specifically as it pertains to Mr. Holt, per KRS 367.170.

80.     The products provided by SLS and the Assurant Defendants were primarily for the personal or household purposes of Mr. Holt.

81.     Mr. Holt has suffered an ascertainable loss of money and/or property as a result of the unlawful practices of SLS and the Assurant Defendants.

82.     Pursuant to KRS 367.220, Mr. Holt is entitled to recover actual damages and equitable relief against SLS and the Assurant Defendants to fairly and adequately compensate him for his loss.

## COUNT X – PUNITIVE DAMAGES

83.     The conduct of SLS and the Assurant Defendants toward Mr. Holt with respect to the force-placed insurance on his property was, in all respects, fraudulent, oppressive and/or malicious, as such terms are defined under KRS 411.184.

84.     To the extent that the actions toward Mr. Holt by any individual employed by SLS and the Assurant Defendants were fraudulent, oppressive and/or malicious, Mr. Holt is entitled to impute said conduct upon SLS and/or the Assurant Defendants due to the knowledge, ratification,

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000015 of 000016

15

Filed          19-CI-00087    03/29/2019          Christie Edwards, Woodford Circuit Clerk    NOT ORIGINAL DOCUMENT
06/17/2019 09:06:58 AM
92414-3

and/or anticipation of such conduct by the respective parties.

85.     Mr. Holt is entitled to recover punitive damages against SLS and the Assurant Defendants in accordance with KRS 411.184 *et seq*., subject to all applicable common-law, statutory, and constitutional authority.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Holt prays for the following relief:

a.     Judgment against SLS, ASIC, and SGIC in an amount to fairly and sufficiently compensate him for the damages described supra;

b.     An award of punitive damages to punish the Defendants for conduct described herein and to deter Defendants and similarly-situated parties from said conduct in the future;

c.     An award of attorney's fees pursuant to KRS 367.220, and costs pursuant to applicable law;

d.     Pre- and post-judgment interest at the maximum allowable rate; and

e.     All other relief to which Mr. Holt might be entitled.

Mr. Holt DEMANDS TRIAL BY JURY on all issues so triable.

**FOWLER BELL** PLLC

   */s/ Matthew D. Ellison*
Matthew D. Ellison
300 West Vine Street, Suite 600
Lexington, KY 40507-1751
(859) 252-6700
(859) 255-3735 fax
MEllison@FowlerLaw.com
**ATTORNEYS FOR PLAINTIFF**

4848-5128-0272, v. 1/9984.10

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000016 of 000016

16



NOT ORIGINAL DOCUMENT
05/22/2019 12:37:32 PM
92414-3

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **19-CI-00087**

Court:  **CIRCUIT**

County:  **WOODFORD**

## CIVIL SUMMONS

---

*Plantiff,* **HOLT, NICKALUS T. VS. SPECIALIZED LOAN SERVICING, LLC , ET A**, *Defendant*

TO:  **UNITED AGENT GROUP, INC.**

   **101 NORTH SEVENTH STREET**

   **LOUISVILLE, KY 40202**

Memo: Related party is SPECIALIZED LOAN SERVICING, LLC

The Commonwealth of Kentucky to Defendant:
**SPECIALIZED LOAN SERVICING, LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Christie Edwards,
Woodford Circuit Clerk
Date: **3/29/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____

   Served By

   _____

   Title

Presiding Judge: HON. BRIAN PRIVETT (614383)

CI : 000001 of 000001

Summons ID: @00000065170
CIRCUIT: 19-CI-00087 Certified Mail
HOLT, NICKALUS T. VS. SPECIALIZED LOAN SERVICING, LLC , ET A



Page 1 of 1

eFiled

NOT ORIGINAL DOCUMENT
05/22/2019 12:38:41 PM
92414-3



AOC-E-105   Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **19-CI-00087**
Court: **CIRCUIT**
County: **WOODFORD**

# CIVIL SUMMONS

---

*Plaintiff,* **HOLT, NICKALUS T. VS. SPECIALIZED LOAN SERVICING, LLC , ET A**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
   **421 W. MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is STANDARD GUARANTY INSURANCE CO.

The Commonwealth of Kentucky to Defendant:
**STANDARD GUARANTY INSURANCE CO.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Christie Edwards,
Woodford Circuit Clerk
Date: **3/29/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____

   _____
   Served By

   _____
   Title

---

Summons ID: @00000065171
CIRCUIT: 19-CI-00087 Certified Mail
HOLT, NICKALUS T. VS. SPECIALIZED LOAN SERVICING, LLC , ET A



Page 1 of 1

*Presiding Judge: HON. BRIAN PRIVETT (614383)*

*CI : 000001 of 000001*

eFiled



NOT ORIGINAL DOCUMENT
05/22/2019 12:39:28 PM
92414-3

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **19-CI-00087**

Court: **CIRCUIT**

County: **WOODFORD**

# CIVIL SUMMONS

---

*Plantiff,* **HOLT, NICKALUS T. VS. SPECIALIZED LOAN SERVICING, LLC , ET A**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
   **421 W. MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is AMERICAN SECURITY INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**AMERICAN SECURITY INSURANCE COMPANY**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Christie Edwards,
Woodford Circuit Clerk
Date: **3/29/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____      _____

                                                   Served By

                                           _____

                                                   Title

*Presiding Judge: HON. BRIAN PRIVETT (614383)*

*CI : 000001 of 000001*

Summons ID: @00000065172
CIRCUIT: 19-CI-00087 Certified Mail
HOLT, NICKALUS T. VS. SPECIALIZED LOAN SERVICING, LLC , ET A



Page 1 of 1

*eFiled*

NOT ORIGINAL DOCUMENT
06/17/2019 08:58:20 AM
92414-3



**Commonwealth of Kentucky**
**Christie Edwards, Woodford Circuit Clerk**

| | |
|---|---|
| **Case #:** 19-CI-00087 | **Envelope #:** 1554209 |
| **Received From:** MATTHEW ELLISON | **Account Of:** MATTHEW ELLISON |
| **Case Title:** HOLT, NICKALUS T. VS. SPECIALIZED LOAN SERVICING, LLC, ET A. | **Confirmation Number:** 89488199 |
| **Filed On** 3/29/2019  1:55:02PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $37.65 |
| 9 | Charges For Services(Copy - Photocopy) | $5.40 |
| | **TOTAL:** | $334.05 |

Generated: 3/29/2019

Filed          19-CI-00087   06/13/2019       Christie Edwards, Woodford Circuit Clerk       NOT ORIGINAL DOCUMENT
06/17/2019 08:59:16 AM
92414-3

No. 19-CI-00087                                        WOODFORD CIRCUIT COURT
                                                                    DIVISION 2
*Electronically filed*                                      HON. BRIAN PRIVETT


NICKALUS T. HOLT                                                        PLAINTIFF


v.


SPECIALIZED LOAN SERVICING LLC, et al.                                DEFENDANTS


## NOTICE OF APPEARANCE

Please take notice that Neal F. Bailen and Zachary M. VanVactor of the law firm Stites &

Harbison PLLC enter their appearance as counsel for the defendant, Specialized Loan Servicing

LLC, and respectfully request service at the address below of all pleadings, notices, orders,

correspondence, and other papers generated in connection with this action.


                                        */s/ Zachary M. VanVactor*
                                        Neal F. Bailen
                                        nbailen@stites.com
                                        Zachary M. VanVactor
                                        zvanvactor@stites.com
                                        STITES & HARBISON PLLC
                                        400 West Market Street, Suite 1800
                                        Louisville, KY 40202-3352
                                        Jeffersonville, IN 47130
                                        Telephone: (502) 587-3400

                                        COUNSEL FOR DEFENDANT,
                                        SPECIALIZED LOAN SERVICING LLC

EA : 000001 of 000002

Filed          19-CI-00087    06/13/2019          Christie Edwards, Woodford Circuit Clerk          NOT ORIGINAL DOCUMENT
06/17/2019 08:59:16 AM
92414-3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing electronically filed document was served by United States First Class Mail, postage prepaid, on this 13th day of June 2019 upon:


Matthew Ellison
FOWLER BELL PLLC
300 West Vine Street, Suite 600
Lexington, KY  40507



/s/ *Zachary M. VanVactor*
Zachary M. VanVactor

EA.: 000002 of 000002