```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON


NICKALUS T. HOLT,                  )
                                   )
     Plaintiff,                    )        Case No.
                                   )       5:19-cv-250-JMH
v.                                 )
                                   )         MEMORANDUM
SPECIALIZED LOAN SERVICING,        )      OPINION & ORDER
LLC, et al.,                       )
                                   )
     Defendants.                   )
```

                                  ***

This matter is before the Court on Plaintiff Nickalus T. Holt's motion to alter, amend, or vacate this Court's judgment entered on January 2, 2020 pursuant to Federal Rule of Civil Procedure 59(e). [DE 20]. Defendant Specialized Loan Servicing, LLC ("SLS") responded [DE 25] and Holt replied [DE 28], making this matter ripe for review.

For the reasons stated below, Holt's motion to alter the judgment entered in this case is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Holt does not contest the factual and procedural history described by the Court in its January Order, only arguing that it "errs in the application of law to certain events in that history." [DE 20 at 1]. Thus, the Court incorporates its description of the unopposed facts into this Order. [*See* DE 19 at 2-5]. A brief

description of SLS's motion to dismiss and the Court's opinion granting it follows.

In regard to Holt's claims pertaining to the lender-placed home insurance policy, SLS argued that Holt brought the same allegations in response to a foreclosure action before the Woodford County Circuit Court. In Kentucky, an issue is precluded from subsequent litigation when there is an identity of the parties, an identity of the claims, and a resolution of the prior action on the merits. *Id.; Preferred Auto. Sales, Inc. v. DCFS USA, LLC*, 625 F.Supp.2d 459, 462 (E.D. Ky. 2009)(citing *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998)). The Court found that a final decision on the merits of Holt's counterclaim was reached by the Woodford Circuit Court when it granted SLS's motion for judgment on the pleadings as to its wrongful foreclosure counterclaim, and when it declined to allow Holt to amend that counterclaim to add additional allegations regarding lender-placed insurance.

Following Kentucky's "transactional approach" to determine an identity of the claims, the Court concluded:

> The doctrine of claim preclusion makes clear that a plaintiff may not, after receiving unsatisfactory results in a counterclaim that failed to move forward, turn around and file a new action based on the same facts and injuries in another court. This Court cannot grant relief based on allegations that were or should have been litigated in the Woodford County Circuit Court, and thus, Holt's allegations related to SLS's lender-placed

2

> insurance policy and its implementation must be dismissed.

[*Id.* at 10].

As for claims related to the insurance proceed payments, the Court first found that they arose after Holt filed a counterclaim in Woodford Circuit Court, and thus, should be addressed on their substantive merits. [*Id.* at 11]. The Court examined the mortgage agreement between the parties and found that Holt did not have a claim for conversion because he and SLS had joint legal title to the insurance proceeds. [*Id.* at 13]. "Kentucky law is clear that a plaintiff has no conversion claim where the right arises out of a contractual agreement for compensation and where the plaintiff lacks legal title to the property." [*Id.*].

Finally, Holt brought a claim under the Kentucky Consumer Protection Act, which prohibits unfair practices in the conduct of trade or commerce. [*Id.* at 15-16 (citing KRS § 367.170(1))]. Because only the insured who purchased the policy can bring a claim for unfair practices against the insurer, the Court held that Holt was not an "insurance consumer" under the Act, and thus, he could not bring a challenge pursuant to it. Further, SLS is not the actual insurer, but merely a lender who selected the insurance. [*Id.* at 17].

3

## II. STANDARD OF REVIEW

The Court evaluates a motion to reconsider a final order or judgment as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir. 2005)); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 808 (N.D. Ohio 2010). Rule 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight days after the entry thereof. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "[A] Rule 59(e) motion cannot be used to 'relitigate old matters, or to raise arguments ... that could have been raised prior to the entry of judgment,' or 'to re-argue a case.'" *J.B.F. by and through Stivers v. Ky. Dep't of Educ.*, 690 F. App'x 906, 906-7 (6th Cir. 2017)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## III. DISCUSSION

Holt never argues that the Court incorrectly understood or assessed the facts of this case, or that it misinterpreted or incorrectly stated Kentucky law. His only contention is that the

4

Court did not correctly apply the legal principles to the facts of his case.

The "several patent errors" Holt accuses the Court of making largely boil down to complaints about the dismissal of his lender-placed insurance claims because of their relation to the Woodford Circuit Court foreclosure action against him. He also claims that conversion is a viable tort remedy and that he does have standing to sue SLS under the Kentucky Consumer Protection Act.

As made clear in the Court's now-disputed Order, in Kentucky, claim preclusion bars not only "issues disposed of in the first action, but to every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence might have been brought forward at the time." See Lattanzio v. Ackerman, 682 F.Supp.2d 781, 787 (E.D. Ky. 2010)(citing May v. Webb, 2004 WL 1699910, at *1 (Ky. App. July 30, 2004)). Holt "agrees with the applicable law recitation within the Order," but disagrees with its application to the facts of the case. [DE 20 at 4]. Specifically, he believes the Court erroneously held that the merits of Holt's lender-placed insurance allegations were reached in the Woodford Circuit Court case, and were thus inappropriately procedurally barred.

Holt states now that his concerns about the lender-placed insurance policy in the Woodford Circuit Court counterclaim "occup[y] a small fraction of the recited background facts." [Id.

5

at 4]. He claims they were not "operative facts" of any count asserted at the time. [*Id*.]. He further argues that the counterclaim had "absolutely nothing to do with lender forced-placed insurance" and pointed to the fact that the claim was titled "Premature and Wrongful Foreclosure." [*Id*. at 4-5]. Holt, in a footnote, acknowledges that he did seek leave to file an amended counterclaim, which would have directly asserted a claim based on the lender-placed insurance policy. [*Id*. at 5, n. 3]. Because Holt did not assert a direct claim against SLS in its counterclaim related to the lender, he states, res judicata cannot be applied to dismiss the action.

Holt views his counterclaim, the two actions examined in this case, and the legal precedent defining res judicata in much too narrow of a light. The Court did not decide the issues of res judicata and claim preclusion based only on the facts surrounding the Dodd-Frank Act wrongful foreclosure claim. It found an identity of claims existed because Holt could have—and in fact tried to—assert the lender-placed insurance claim in the Woodford Circuit Court action. Though Holt tries to claim that the factual background is irrelevant, as stated in the Order, "[i]f two claims stem from identical underlying circumstances, considering the allegations in 'factual terms,' the various legal theories and forms of relief are less relevant." [DE 19 at 8 (internal citations omitted)].

6

The bottom line is this: the Woodford Circuit Court indisputably reached a final decision on the merits of Holt's counterclaims against SLS. Though a dispositive and detailed ruling explicitly addressing the same exact lender-placed insurance dispute brought by Holt to this federal court would have obviously barred him from proceeding, Kentucky law on res judicata clearly bars *any* claims that should have been brought in the action for which the initial court reached a decision on the merits. *See Coomer v. CSX Transp.*, 319 S.W.3d 366, 374 (Ky. 2010). If Holt thought the Woodford Circuit Court improperly denied his motion to amend his counterclaim, believing for one reason or another that he could not have brought it in the original counterclaim as he appears to allude to now, his route of relief should have been the Kentucky Court of Appeals, not filing a new action.

For example, in *Lattanzio v. Ackerman*, a case decided in this federal district, the plaintiff argued that he could litigate any substantive claim not actually decided on the merits by the Boyle Circuit Court. 682 F.Supp.2d at 787. The Court quoted the Sixth Circuit, explaining that claim preclusion, or true res judicata, refers to the effect of a judgment on claims that have never been litigated because of a determination that it should have been advanced in an earlier proceeding. *Id.* (citing *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999)). Because plaintiff's claims in federal court all "relate to the same dispute which formed the

7

basis for the action in [Woodford Circuit Court], they too are concluded by the resolution of that action." *Id*.

Next, Holt takes issue with the Court's discussion of the "ripeness" of his claims at the time of the Woodford Circuit Court action. Essentially, he argues that the Court rested its conclusion regarding res judicata on the fact that the claims were ripe at the time. [DE 20 at 9-10]. But that is clearly not the case. The Court decided the issue based on a finding that not only were the claims ripe, but they were procedurally barred because, at a very minimum, they should have been brought in the Woodford Circuit Court action. That much is clear from the Court's acknowledgment that the counts outside of VI, VIII, IX, and X were not ripe at the time of the original action, and thus, had to be evaluated on their substantive merits.

Holt finally alleges that the Court erroneously found that the parties had joint legal title to the claim payments. But the Court, citing the mortgage agreement both parties signed, cited directly to Holt's statement that he shared a right to claim payment proceeds with SLS at some point. [DE 19 at 11; DE 1-1 at 13 ("Mr. Holt is the proper owner, and along with SLS, jointly has legal title to, the Claim Payment.")]. The mortgage also clearly stated that "Lender shall have the right to hold such insurance proceeds" until the lender can inspect the property to ensure the work was completed. [*Id*. at 12]. It is undisputed that SLS never

8

inspected the property to ensure the work was completed to its satisfaction; thus, pursuant to the terms of the mortgage, it still had the legal right to hold the proceeds. Holt did not have the exclusive right to possess the property at the time of the alleged conversion.

As for his claim regarding the Kentucky Consumer Protection Act, Holt attempts to provide additional arguments and again explains ones the Court previously considered on SLS's motion to dismiss. Holt's argument that the Kentucky Consumer Protection Act is a remedial statute, and thus, should be interpreted broadly, has no bearing on the Court's conclusion and is not a clear error of law.

## IV. CONCLUSION

Holt does not get two bites at the apple on the arguments he attempted to bring in state court, and he does not get two bites at the apple to argue in opposition to SLS's motion to dismiss. Holt's proper recourse is not by way of a motion for reconsideration, but appeal to the Sixth Circuit. *See Hashemian v. Louisville Regional Airport Auth.*, No. 3:09-cv-951, 2013 WL 3967695, at *3 (citing *Hitachi Med. Sys. Am. V. Branch*, No. 5:09-cv-1575, 2010 WL 2836788 (N.D. Ohio July 20, 2010)).

Having considered Holt's motion to amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e), and SLS's

9

arguments to the contrary, the Court finds that Holt has failed to demonstrate that it committed clear error of law.

Accordingly, **IT IS ORDERED** that Plaintiff Nickalus T. Holt's motion to amend the judgment entered by this Court dismissing his claims against Defendant Specialized Loan Servicing, LLC [DE 20] is **DENIED**.

This the 29th day of July, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

10