UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| NICKALUS T. HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-250-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SPECIALIZED LOAN SERVICING, LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Nickalus Holt has filed a motion to dismiss his remaining claims, without prejudice, due to his continuing inability to retain an attorney. Because the defendants would suffer plain legal prejudice if Holt's claims were dismissed without prejudice, the claims will be dismissed, with prejudice.

**I.**

Plaintiff Holt executed a promissory note and mortgage agreement to purchase residential property in Versailles, Kentucky in March 2005. [Record No. 1-1, ¶ 6] Defendant Specialized Loan Servicing LLC ("SLS") subsequently acquired the note and mortgage which required Holt to maintain insurance on the property. Holt defaulted on the loan in approximately July 2014. [*See* Record No. 57-1, pp. 44-45.] Holt's homeowner's insurance policy with Met Life lapsed sometime around the date of the default. Consistent with the terms of the mortgage agreement, SLS obtained a lender-placed insurance policy from Standard Guaranty Insurance Company ("SGIC") and American Security Insurance Company ("ASIC")

at Holt's expense. As warned in the mortgage agreement, the lender-based insurance policy was significantly more expensive than Holt's previous policy with Met Life.

SLS filed a foreclosure action against Holt in the Woodford Circuit Court on December 11, 2014. Holt filed a number of counterclaims against SLS, including violations of the Dodd-Frank Act, breach of contract, and negligent infliction of emotional distress. [Record No. 8-3] The Woodford Circuit Court refused to allow Holt to amend his counterclaims. Thereafter, he filed a separate lawsuit against SLS in that court on March 29, 2019. He also included claims against SGIC and ASIC based on their provision of the lender-placed insurance policy. The defendants removed the matter to this Court on June 17, 2019. SLS promptly filed a motion to dismiss, largely based on the state court's prior resolution of issues Holt was attempting to relitigate. On January 2, 2020, this Court granted SLS's motion, dismissing all of Holt's claims against SLS, with prejudice. [Record No. 19]

The Court subsequently directed the remaining parties to meet and develop a proposed discovery plan. However, Holt fired his attorney shortly thereafter. He entered a notice of *pro se* appearance on October 31, 2022, after he was unable to retain replacement counsel. The Court entered a Scheduling Order in July 2023, establishing various discovery and motion deadlines. Holt filed a motion to dismiss this matter, without prejudice, on August 8, 2023, due to his continuing inability to retain counsel. SGIC and ASIC agree that the matter should be dismissed, but contend that dismissal should be with prejudice.

## II.

Voluntary dismissals are governed by Rule 41(a) of the Federal Rules of Civil Procedure. Dismissal with prejudice over the plaintiff's objection is proper only when the defendant would suffer "plain legal prejudice" as a result of dismissal without prejudice.

*Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994). In determining whether the defendant would suffer plain legal prejudice, the court considers factors such as the defendant's effort and expense of preparation for trial; excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; insufficient explanation for the need to take a dismissal; and whether the defendant has filed a motion for summary judgment. *Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)).

The first factor weighs somewhat in the defendants' favor. Holt sought and obtained numerous extensions of time after firing his attorney in August 2022. The Court entered a Scheduling Order in July 2023, significantly later than it would have had it not been for Holt's delays. Holt filed his motion to dismiss a month later, but by that time, precious discovery time had elapsed. As of today, the deadline for completing fact discovery is less than six weeks away.

The second and third factors weigh heavily in the defendants' favor. Although *pro se* parties are treated with leniency in some instances, they are expected to comply with procedural rules of the Court. *See Strohmeyer v. Chase Bank USA, N.A.*, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018). Holt terminated his relationship with his prior attorney despite his lack of alternate counsel or a working knowledge of the rules of the Court. The defendants strongly objected to Holt's request for 60 days to obtain new counsel based on what the defendants characterized as Holt's "total[] fail[ure] to prosecute his claims for over two years." [Record No. 36]. Notwithstanding the defendants' objection, the Court gave Holt 60 days to retain new counsel. However, he failed to do so and requested an additional extension of time, which the Court denied.

Holt now seeks to dismiss this matter, without prejudice, because he has been unable to obtain suitable representation. He makes reference to his motion filed on October 21, 2022, in which he explained that the related lawsuit pending in Woodford Circuit Court complicated his quest to locate an attorney. However, it appears that the state court matter was resolved as of June 20, 2023, when the Woodford Circuit Court denied Holt's motion to vacate its order granting judgment in favor of SLS. [*See* Record No. 57-4, p. 2.] It is unclear why Holt could not have obtained counsel in the intervening three months.

Holt has been given ample leeway, but he may not delay this matter inevitably while he seeks another attorney. Further, he has not described the efforts he has made such that the Court is convinced he has pursued his rights diligently. Contrary to Holt's suggestions, his claims are not extraordinarily complex and his inability to retain an attorney on a contingent-fee basis casts doubt on the merits of his claims.

Holt also does not give an adequate reason for his request for dismissal. He simply asserts that he cannot "competently move this matter forward." [Record No. 55] It is understandable that Holt would prefer to be represented by counsel, but litigants have the option of proceeding *pro se*. Holt has demonstrated a clear understanding of the issues he wishes to present to the Court and an ability to effectively present those issues in writing.[1] On balance, the *Grover* factors weigh in favor of dismissing the remaining claims, with prejudice.

The Court directed Holt to tender a reply in further support of his motion so that he would have an opportunity to address the arguments the defendants raised in their response.

---

[1] The final factor weighs in Holt's favor, as neither defendant has filed a motion for summary judgment.

Therein, he reiterated that *SLS* did not express any objection to dismissing this matter without prejudice when he notified it of his intention to do so on August 8, 2023. However, the claims against SLS were dismissed, with prejudice, in January 2020. The only claims that remain are those asserted against SGIC and ASIC, which are represented by different counsel than SLS.

Holt also attached various news articles and a court order from the Southern District of Florida concerning the defendants' alleged overcharging for lender-placed insurance. But this information does not factor into the *Grover* analysis and has no impact on the Court's decision.

Finally, Holt indicates that he seeks appointment of counsel. As the plaintiff is aware, the appointment of counsel in civil cases is not a constitutional right, but instead "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). In considering whether exceptional circumstances exist, the Court examines the type of case and the plaintiff's ability to represent himself, which "generally involves a determination of the complexity of the factual and legal issues involved." *Id.* It is the plaintiff's burden to show that exceptional circumstances exist.

The plaintiff has not demonstrated that exceptional circumstances exist in this case. To begin, the plaintiff apparently has the financial ability to hire an attorney. The matters involved in this matter are not particularly complex and Holt has shown a clear understanding of the factual and legal issues. Further, he has demonstrated an above average ability to articulate arguments and present them to the Court.

### III.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion to dismiss, without prejudice [Record No. 55], is **GRANTED**, in part, and **DENIED**, in part.

2. This matter is **DISMISSED**, with prejudice.

Dated: September 19, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky